**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO:**

RICARDO RAMOS,

    Plaintiff,

v.

KALI-AUTO DETAIL, L.L.C.,
a Florida limited liability company,
and LINO MORENO, individually,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, RICARDO RAMOS ("Plaintiff") pursuant to *29 U.S.C. § 216(b)* files the following Complaint for Damages and Demand for Jury Trial against Defendants, KALI-AUTO DETAIL, L.L.C. ("KALI"), and LINO MORENO ("MORENO") (collectively "Defendants"), and alleges as follows:

### INTRODUCTION

1. Defendants unlawfully deprived Plaintiff of full payment of federal overtime wages during the course of his employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201–216*, to recover all federal wages that Defendants refused to pay Plaintiff during his employment.

### PARTIES

2. During all times material hereto, Plaintiff was a resident of Palm Beach County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, KALI, was a Florida limited liability company located and transacting business within Boynton Beach, Florida, within the jurisdiction of this Honorable Court.

4. During all times material hereto, Defendant, KALI, was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices, particularly as they relate to Plaintiff, during the relevant time period.

5. Defendant, KALI, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

6. Defendant, MORENO, was a resident of the Southern District of Florida during the relevant time period.

7. During all times material hereto, Defendant, MORENO, was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices, for KALI, particularly as they relate to Plaintiff.

8. Defendant, MORENO, was Plaintiff's employer, as defined by *29 U.S.C. 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

9. All acts and omissions giving rise to this dispute took place within Palm Beach County, Florida, which falls within the jurisdiction of this Honorable Court.

10. Defendant, KALI, is headquartered and regularly transacts business in Palm Beach County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

11. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

12. Defendant, KALI, has operated in Florida since at least 2011.

13. KALI provides car detailing services throughout the Palm Beach County area and utilizes opportunities at local car dealerships to service automobiles within the surrounding area.

## FLSA COVERAGE

14. Defendant, KALI, is covered under the FLSA through enterprise coverage, as KALI was engaged in interstate commerce during Plaintiff's employment period. More specifically, KALI's business and Plaintiff's work for KALI affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, KALI, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

15. During his employment with Defendants, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: screwdrivers, cloths, cleaning detergent, windex, water hoses, pencils, pens, car keys, etc.

16. Defendant, KALI, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, KALI an enterprise covered by the FLSA.

17. Upon information and belief, Defendant, KALI, grossed or did business in excess of $500,000.00 in 2017, 2018, 2019, and is expected to gross in excess of $500,000.00 in 2020.

18. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, KALI, and MORENO, within the meaning of the FLSA.

## **PLAINTIFF'S WORK FOR DEFENDANTS**

19. Plaintiff had two (2) periods of employment with Defendants during the relevant time period.

20. Plaintiff first began working for Defendants in July 2017 and continued to do so until the end of December 2018.

21. Plaintiff's second period of employment lasted from on or about June 1, 2020 through June 21, 2020.

22. During all times periods pertinent to this Complaint and pertinent to both employment periods, Plaintiff performed non-exempt work for Defendants as a car detailer throughout Palm Beach County and the surrounding area.

23. During all times material hereto, Plaintiff was a non-exempt hourly employee employed by Defendants.

24. During his relevant employment periods, Plaintiff was supervised by Defendant, MORENO, and was subject to MORENO's control and direction.

25. During the relevant employment periods, Defendant, MORENO, maintained control and direction over KALI's pay policies and practices particularly as they relate to Plaintiff.

26. Plaintiff worked *in excess of* forty (40) hours per week when he was employed by Defendants during both of the respective employment periods.

27. On average, Plaintiff worked an average of forty-two (42) hours per week.

28. During the relevant employment periods, Plaintiff's regularly hourly rate was $10.00 per hour and $10.50 per hour, respectively.

29. On occasion, Defendants would compensate Plaintiff overtime wages when Plaintiff worked in excess of forty (40) hours per week.

30. However, during several workweeks, Defendants failed to pay Plaintiff 1.5 times his regular hourly rate free and clear of any unlawful deductions for hours worked in excess of forty (40) per week in a workweek.

31. On information and belief, there are several workweeks in which Defendants unlawfully deducted wages from Plaintiff in weeks in which Plaintiff worked in excess of 40 hours, thus depriving Plaintiff of the full overtime wages he was entitled to receive under federal law.[1]

32. Plaintiff is therefore entitled to recover federal overtime wages arising from violations committed by Defendants during the course of Plaintiff's employment.

33. Plaintiff objected to the withholding of his hard-earned wages.

34. Plaintiff brings these claims arising under the Fair Labor Standards Act and is therefore entitled to recover his reasonable attorney's fees and costs incurred as a result of Defendant's unlawful conduct.

**COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207***

35. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 34 as though set forth fully herein.

---

[1] For example, on information and belief, during the 2-week pay period of June 11, 2018, through June 24, 2018, Plaintiff worked 10.37 hours of overtime. Defendants unlawfully deducted at least $20.00 from Plaintiff's wages this pay period. Because this deduction drove Plaintiff's compensation below the required overtime rates, Defendants are in violation of the FLSA. Furthermore, from June 8, 2020, through June 21, 2020, Plaintiff worked 2.8 hours of overtime. Defendants unlawfully deducted $80.00 from Plaintiff's wages this pay period. Because this $80.00 deduction drove Plaintiff's compensation below the required overtime rates, Defendants are in violation of the FLSA.

36. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

37. Plaintiff claims the federal overtime wages free and clear of any unlawful deductions for all of the hours that he worked in excess of forty (40) per week during both of his employment periods with Defendants.

38. Defendants willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages free and clear of any unlawful deductions as required by the FLSA, as Defendants knew of the federal overtime wage requirements of the FLSA yet refused to pay Plaintiff same.

39. Defendants intentionally pilfered these wages that were due and owing to Plaintiff.

40. Defendants recklessly failed to investigate whether their payroll practices were in accordance with the FLSA during the relevant time period.

41. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

42. Defendant's willful and/or intentional violations of federal wage law entitles Plaintiff to an additional amount of liquidated, or double, damages.

43. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, RICARDO RAMOS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, KALI-AUTO DETAIL, L.L.C., and LINO MORENO, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally;

(c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, RICARDO RAMOS, requests and demands a trial by jury on all appropriate claims.

**Dated this 12th day of July, 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on July 12, 2020.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**